IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WESTPORT INSURANCE CORPORATION,

Plaintiff,

vs.

RISK MANAGEMENT ADMINISTRATORS, INC.
STANLEY W. MURRAY, CHALLENGE
UNLIMITED, INC., BRIDGEWAY
MANAGEMENT SYSTEMS, INC.,
FAYCO ENTERPRISES, INC., RIVERSIDE
FOUNDATION, and ST. CLAIR ASSOCIATED
VOCATIONAL ENTERPRISES,

Defendants.

No. 01-CV-0693-DRH

FILED
FEB 15 2002
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## MEMORANDUM AND ORDER

**Herndon, District Judge:**

On December 11, 2001, Plaintiff[1] filed its First Amended Complaint seeking a declaration that it has no duty to defend the above-named Defendants in a civil action pending in the Circuit Court in Madison County, Illinois (Doc. 2). On January 11, 2002, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint (Doc. 3). The Court finds that Plaintiff has failed to establish the existence of an actual controversy ripe for judicial determination and therefore grants Defendants' motion to dismiss.

---

[1] The Court notes that this case is assigned to the District Court in East St. Louis. Therefore, Plaintiff is admonished to file its pleadings in this Courthouse rather than in Benton, Illinois.

To maintain an action for declaratory relief, an actual controversy must exist and the plaintiff must have a tangible interest in the controversy. **AEH Const., Inc. v. State, Dep't of Labor, 318 Ill. App. 3d 1158, 1161 (3rd Dist. 2001).** "In order to have an 'actual controversy,' a party must demonstrate 'that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events.'" **Id. (quoting Underground Contractors Assoc. v. City of Chicago, 66 Ill. 2d 371, 375 (1975)).**

On January 4, 2002, the Circuit Court of Madison County granted a motion to dismiss in the underlying civil action (*Challenge Unlimited, et al. v. Illinois Non Profit Risk Management Associates, et al.*, 01-MR-289). (Doc. 3, Exh. 1). Following the grant of the motion to dismiss, counsel for Challenge, Bridgeway, Fayco, Riverside, and St. Clair withdrew their motion for leave to amend their First Amended Complaint. The Madison County Circuit Court granted the motion and gave Challenge, Bridgeway, Fayco, Riverside, and St. Clair thirty days in which to amend their complaint (Doc. 3, Exh. 1). "When a declaratory judgment action is brought to determine an insurer's duty to defend, the court must look only to the complaint in the underlying action to determine whether the allegations show that the claim falls within or potentially within coverage." **Royal Ins. Co. of Am. v. Insignia Fin. Group, Inc.,323 Ill. App. 3d 58, 63-64 (1st Dist. 2001).** In this case, there is no longer a viable complaint in the underlying action. Therefore, as Plaintiff

concedes, the First Amended Complaint field in this case is premature. Accordingly, because the Court finds that Plaintiff has failed to establish the existence of an actual controversy ripe for judicial determination, the Court **GRANTS** Defendants' motion to dismiss (Doc. 3) and **DISMISSES without prejudice** Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

Signed this 15th day of February, 2002.

*[signature]*
**DAVID R. HERNDON**
**United States District Judge**